1  Mia Farber (SBN 131467)
   Mia.Farber@Jacksonlewis.com
2  JACKSON LEWIS P.C.
   725 South Figueroa Street, Suite 2500
3  Los Angeles, California  90017-5408
   Telephone:  (213) 689-0404
4  Facsimile:   (213) 689-0430
   E-mail: Mia.Farber@jacksonlewis.com
5
   Shannon B. Nakabayashi (SBN 215469)
6  Kevin Ha (SBN 322252)
   JACKSON LEWIS P.C.
7  50 California Street, 9th Floor
   San Francisco, California  94111
8  Telephone   (415) 394-9400
   Facsimile:    (415) 394-9401
9  E-mail: Shannon.Nakabayashi@jacksonlewis.com
   E-mail: Kevin.Ha@jacksonlewis.com
10
   Attorneys for Defendants
11 CRUNCH, LLC, CASEY CALLANGAN, and
   JONATHAN MOSOFF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAIYA BRADFORD; APREL KNIGHT; MICHAEL BRADLEY; HERMAN HAWKINS; and AMANI JACKSON, individually, and on behalf all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CRUNCH, LLC, a Delaware limited liability company; CASEY CALLANGAN, an individual; JONATHAN MOSOFF, an individual; and DOES 1 to 10, inclusive,<br><br>Defendants. | **CASE NO.:**<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, and 1453**<br><br>[Filed concurrently with Declarations of Kevin Ha, Daniel Gallagher and Igor Lachman; Civil Case Cover Sheet; Corporate Disclosure Statement; and Notice of Interested Parties]<br><br>State Complaint Filed: May 17, 2023 |

1

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT

**TO THE HONORABLE COURT AND TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants CRUNCH, LLC, CASEY CALLANGAN, AND JONATHAN MOSOFF (collectively, "Defendants") hereby remove this matter to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453 to effect the removal of the above-captioned action, which was commenced in the Superior Court of the State of California in and for the County of Los Angeles. Removal is proper for the reasons stated below.

## SERVICE AND PLEADINGS FILED IN STATE COURT

1. On May 17, 2023, Plaintiffs Maiya Bradford, Aprel Knight, Michael Bradley, Herman Hawkins, and Amani Jackson (collectively, "Plaintiffs") filed a putative class action complaint ("Complaint") against Defendants in the Superior Court of the State of California for the County of Los Angeles entitled *Maiya Bradford; Aprel Knight; Michael Bradley; Herman Hawkins; and Amani Jackson v. Crunch, LLC, a Delaware limited liability company; Casey Callangan, an individual; Jonathan Mosoff, an individual; and DOES 1 to 10, inclusive*, Case No. 23STCV11163, alleging fifteen causes of action for: (1) Failure to Pay Overtime Wages; (2) Failure to Pay Minimum Wages; (3) Failure to Provide Meal Periods; (4) Failure to Provide Rest Breaks; (5) Improper Wage Statements; (6) Waiting Time Penalties; (7) Failure to Pay Business Expenses; (8) Improper Deductions from Wages; (9) Unfair Competition; (10) Civil Penalties Under The Private Attorneys General Act; (11) Failure to Maintain Records; (12) Failure to Provide Records; (13) Retaliation under Government Code §12940(h); (14) Hostile Work Environment; and (15) Failure to Take Steps to Prevent Discrimination. The Complaint does not specify the dollar amount of damages being sought. A true and complete copy of the Complaint filed in the Los Angeles County Superior Court is attached as **Exhibit A** to the Declaration of Kevin Ha ("Ha Decl.") filed concurrently with this Notice of Removal. Ha Decl. ¶ 2.

2. Plaintiffs served Defendants pursuant to California Code of Civil Procedure ("CCP") § 416.40 by personally delivering the Summons and Complaint on May 31, 2023, to Defendant CRUNCH, LLC's agent for service of process. Ha Decl. ¶ 3. True and complete copies of the Summons, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, and Notice of Case Assignment are attached to the Declaration of Kevin Ha as **Exhibits B through E**, respectively.

3. True and complete copies of the First Amended General Order Re Mandatory Electronic Filing for Civil; Alternative Dispute Resolution Information Package; Stipulation re Early Organizational Meeting; Stipulation re Discovery Resolution; Informal Discovery Conference; Stipulation and Order re Motions in Limine; and General Order Re: Use of Voluntary Efficient Litigation Stipulations are attached collectively hereto as **Exhibit F**.

4. On June 28, 2023, Defendants filed its Answer to the Complaint in the Superior Court of the State of California, in and for the County of Los Angeles. A true and correct conformed copy of Defendant's Answer is attached as **Exhibit G** to the Declaration of Ha. Ha Declaration, ¶ 4.

5. **Exhibits A through G** constitute all the pleadings that have been filed and/or served in this action as of the date of filing this Notice of Removal based on a review of the documents available on the state court's docket. Ha Decl. ¶ 5.

## TIMELINESS OF REMOVAL

6. Plaintiffs served Defendants with the Complaint on May 31, 2023. Therefore, Defendants' removal is timely because it has been filed within the prescribed time limits after Defendants were served with papers from which they could first be ascertained that the case was removable. 28 U.S.C. § 1446(b)(3); Fed. R. Civ. P. 6; Cal. Code Civ. Proc. § 412.20(a)(3).

## NOTICE TO ALL PARTIES AND STATE COURT

7. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting pleadings will be served

promptly on Plaintiffs' counsel and filed with the Clerk of the Los Angeles County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 will be followed and satisfied.

## **JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT**

8. Section 4 of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2) provides, in relevant part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

9. In addition, CAFA confers federal court jurisdiction where the proposed class involves 100 or more members, or where the primary defendants are not States, State officials, or other governmental entities. 28 U.S.C. § 1332(d)(5).

10. As set forth below, this action satisfies all the requirements for federal jurisdiction under CAFA. This action (1) involves an amount in controversy greater than $5,000,000; (2) involves plaintiffs and a defendant who are citizens of different states; (3) involves a putative class of 100 or more purported members; and (4) does not involve a defendant who is a governmental official or entity.

### **Plaintiffs and Defendant Crunch Are Citizens of Different States**

11. The standard for establishing diversity of citizenship under CAFA is different than diversity jurisdiction under 28 U.S.C. § 1332. CAFA's diversity requirement is satisfied when there is minimal diversity, *i.e.*, when at least <u>one</u> member of a class of plaintiffs is a citizen of a different state from any <u>one</u> defendant. *See* 28 U.S.C. § 1332(d)(2); *United States v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (holding that to "achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)"); *Bradford v. Bank of Am. Corp.*, No. CV 15-5201-GHK (JCx), 2015 U.S. Dist. LEXIS 120800, at *13 (C.D. Cal. Sep. 10, 2015) ("[defendant] needed only to establish that

one plaintiff was a citizen of a different state from any one defendant at the time of removal.")

12. Diversity of citizenship is determined "as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002) (citations omitted).

13. A natural person's citizenship is determined by that person's state of "domicile." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id*. (citation omitted). A person's intention to remain may be established by their place of employment. *Youn Kyung Park v. Holder*, 572 F.3d 619, 625 (9th Cir. 2009); *see also Francisco v. Emeritus Corp.,* 2017 U.S. Dist. LEXIS 90131, at *10 (C.D. Cal. Jun. 12, 2017) ("Plaintiff's residence and employment in California are sufficient evidence of his intent to remain in California.").

14. On removal, a defendant need only provide "a short and plain statement alleging that [the plaintiff] and the putative class members were citizens of California." *Ehrman v. Cox Communs., Inc.,* 932 F.3d 1223, 1227 (9th Cir. 2019). The defendant does not have to "explain why it believed [plaintiff] or the putative class members were citizens of California … a defendant's allegations of citizenship may be based solely on information and belief." *Id*.

15. Here, Complaint alleges that "each Plaintiff worked in Los Angeles County … [and] was employed by CRUNCH during the Class Period." Complaint ¶ 10. Upon information and belief, each Plaintiff is a citizen of the State of California within the meaning of 28 U.S.C. § 1332(a).

16. For diversity purposes, a limited liability company is deemed to be a citizen of any state in which any member of the company is a citizen. 28 U.S.C. § 1332(d)(10). *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Ramirez v. Carefusion Res., LLC*, 2019 U.S. Dist. LEXIS 112995, at *4 (S.D. Cal. July 1, 2019) (under CAFA, an LLC is a citizen of the State under whose

5

laws it is organized and the State where it has its principal place of business); *Lafountain v. Meridian Senior Living*, No. CV 15-03297-RGK (PJWx), 2015 U.S. Dist. LEXIS 84134, at *5 n.2 (C.D. Cal. Jun. 29, 2015); *Marroquin v. Wells Fargo, LLC*, No. 11-CV-163-L-BLM, 2011 U.S. Dist. LEXIS 10510, 2011 WL 476540 (S.D. Cal. Feb. 3, 2011) (finding that minimum diversity existed).

17. Defendant Crunch, LLC is a limited liability company under the laws of Delaware and has its principal place of business in New York, New York. Declaration of Daniel Gallagher ("Gallagher Decl.") ¶ 3. Crunch, LLC's corporate headquarters and principal place of business is located in New York, NY. Crunch, LLC's corporate executives primarily work out of the New York headquarters and its corporate activities are directed, controlled, and coordinated from there (including but not limited to operations, corporate finance, accounting, human resources, payroll, marketing, and information systems). *Id.* Crunch, LLC's members are neither organized under the laws of the State of California nor have their principal place of business in California. *Id.*

18. Therefore, the diversity requirement of CAFA removal is satisfied because each Plaintiff is a citizen of the State of California, and at least one Defendant (Defendant Crunch, LLC) is not a citizen of California.

**<u>The Putative Class Consists of More Than 100 Members</u>**

19. The Complaint alleges that the putative class is so numerous that joinder of all California class members is impracticable. Complaint ¶ 54. Plaintiffs purport to represent "all non-exempt CRUNCH employees who provided services in California during the four years prior to the filing of the Complaint…." Complaint ¶50. There are at least 3,174 individuals that fall within the Plaintiff's putative class definition. Declaration of Igor Lochman ("Lochman Decl.") ¶ 4.

20. Based on the pleadings set forth by Plaintiffs and Defendant Crunch, LLC's internal employee data, the alleged putative class exceeds 100 members.

///

///

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT

### Defendants Are Not a Governmental Official or Entity

21. Defendants are not a state, a state official, or any other governmental entity.

### The Purported Amount in Controversy Exceeds $5,000,000

22. CAFA authorizes the removal of class actions in which the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d).

23. When measuring the amount in controversy, the court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 992, 1001 (C.D. Cal. 2002).

24. In *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547 (2014), the United States Supreme Court held that "a defendant's notice of removal need include only a *plausible* allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554 (emphasis added). Plaintiffs may not avoid removal to federal court under CAFA's $5,000,000 amount in controversy requirement by expressly alleging or subsequently stipulating that damages fall below that sum. *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1347 (2013). Because Plaintiffs have not expressly pled a specific amount of damages, a removing party need only show that it is more likely than not that the amount in controversy exceeds $5,000,000. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). Here, the amount in controversy exceeds $5,000,000 based on the allegations of the Complaint.

25. Plaintiffs generally define the "Class" as follows: "all non-exempt CRUNCH employees who provided services in California during the period four years prior to the filing of this Complaint and ending on such date as may be determined by the Court..." Complaint ¶ 50. The Complaint further adds that "[t]he Class includes all persons who performed work for CRUNCH during the Class Period, even if they were paid by commission, salary piece rate, or any combination thereof." Complaint ¶ 51.

26. Based on the applicable statutes of limitation in regard to Plaintiffs'

7

various causes of action, the relevant class time period begins on May 17, 2019. Based on a review of Defendants' payroll records, there are at least 3,174 persons that fit Plaintiffs' class definitions for the relevant class time period. Lochman Decl. ¶ 4.

27. Based on a review of Defendants' payroll records, Defendants' non-exempt employees within California (a) worked approximately 116,478 workweeks during the time period of May 17, 2019 to approximately May 31, 2023; and (b) were paid an average hourly rate of $15.20 per hour. Lochman Decl. ¶ 5.

### Alleged Meal Period Violations

28. Under the third cause of action, Plaintiffs and the putative class seek damages for alleged premium pay in the form of "an hour of compensation" for each noncompliant meal break. Complaint ¶ 68; Prayer for Relief, ¶4.

29. Plaintiffs allege that, "[d]uring their employment with Defendants, Plaintiff and the Class Members were not provided … thirty-minute meal breaks. Neither Plaintiff nor the Class Members were provided the required … meal breaks." Complaint ¶ 34. The Complaint also alleges that "Plaintiffs and the Class members *consistently* worked more than 5 hour shifts, but Plaintiffs and the Class members were *not provided* with additional compensation for meal periods which were missed, truncated or tardy due to the failure of one or more of the Defendants to provide a compliant meal period. Plaintiffs and the Class members *consistently* worked more than 10 hour shifts, but Plaintiffs and the Class members were *not provided* with additional compensation for second meal periods which were missed, truncated or tardy due to the failure of one or more of the Defendants to provide a compliant meal period." Complaint ¶ 69 (emphasis added).

30. Courts in the Ninth Circuit have regularly found that a violation rate of at least 20% is a reasonable assumption where there is an allegation of a "policy and practice" of failing to provide meal and rest periods and pay attendant premiums. Complaint ¶ 3 ("CRUNCH has **company-wide policies and procedures** that control virtually every facet of the Class Members jobs ...) (emphasis added); ¶ 58 ("… The

8

unlawful conduct[s] described in this complaint are based on CRUNCH's **company-wide policies** regarding its treatment of employees.")(emphasis added). *See also*, *Mendoza v. Savage Servs. Corp.*, No. 19-CV-00122, 2019 U.S. Dist. LEXIS 45269, at *5 (C.D. Cal. Mar. 19, 2019) (noting that a 20% rate is routinely applied in the Central District); *Alvarez v. Office Depot, Inc.,* No. CV 17-7220, 2017 U.S. Dist. LEXIS 197358, at *9 (C.D. Cal. Nov. 30, 2017) (finding that, where a plaintiff alleged a "uniform practice" of meal and rest period violations, a 60% rate was reasonable); *Blevins v. Republic Refrigeration, Inc.*, No. CV 15-04019, 2015 U.S. Dist. LEXIS 130521, at *28-29 (C.D. Cal. Sep. 28, 2015) (applying a 20% violation rate for meal and rest premiums to calculate the amount in controversy); *Ray v. Nordstrom Inc.*, No. CV 11-07277, 2011 U.S. Dist. LEXIS 146657, at *9 (C.D. Cal. Dec. 9, 2011) (same).

31. Assuming, conservatively, only one noncompliant meal break per workweek per putative class member within the alleged class period or 116,479 workweeks and with an average hourly rate for the putative class member of $15.20, the amount in controversy for Plaintiffs' meal period claim is **$1,770,465.60**[1] (116,478 workweeks x 1 meal period violation per workweek x $15.20). Lochman Decl. ¶ 5.

## Alleged Rest Period Violations

32. Under the fourth cause of action, Plaintiffs and putative class seeks damages in "an amount equal to one hour of wages per missed rest period." Complaint ¶73; Prayer for Relief ¶5.

33. Plaintiffs allege that, "[d]uring their employment with Defendants, Plaintiff and the Class Members were not provided ten-minute rest breaks... Neither Plaintiff nor the Class Members were provided the required rest [] breaks." Complaint ¶ 34. The Complaint also alleges that "Each Plaintiff and the Class members consistently worked over four hour shifts, but defendant failed to provide them with the requisite ten

---

[1] The assumptions set forth herein are based on the information provided by Defendants solely for the purposes of calculating various theories as alleged in the Complaint. No admission is being made by Defendants with respect to liability, damages, certification, or any other purpose.

1  minute rest period." Complaint ¶ 73.

2  34.  Courts in this circuit have held that when a plaintiff alleges a policy or practice of authorizing and permitting noncompliant rest periods (*see, e.g.*, Complaint ¶¶ 3, 58), it reasonable for the defendant to assume between 20% and 50% rest period violation rates in assessing the amount in controversy. *See, e.g.*, *Bermejo v. Lab. Corp. of Am.*, 2020 U.S. Dist. LEXIS 204311. *14 (C.D. Cal. Nov. 2, 2020) (finding 20% violation rate for a meal and break period claim to be reasonable); *Elizarraz v. United Rentals, Inc.*, No. 18-CV-09533, 2019 U.S. Dist. LEXIS 62065, *10 (C.D. Cal Apr. 9, 2019) (finding a 50% violation rate for missed meal periods and a 25% rate for missed rest periods to be reasonable); *Zamora v. Penske Truck Leasing Co., L.P.*, 2020 U.S. Dist. LEXIS 147960 (C.D. Cal. Aug. 17, 2020) ("assumed violation rate of 10% is reasonable in light of Plaintiffs' allegations that [defendant] engaged in a 'policy and practice' of various labor law violations").

35.  In fact, some courts even assume that a 100% violation rate is reasonable where the plaintiff fails to specifically allege otherwise. *See Muniz v. Pilot Travel Ctrs. LLC*, 2007 U.S. Dist. LEXIS 31515, at *12-13 (E.D. Cal. Apr. 30, 2007) ("As these allegations reveal, plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%, used by defendant in its calculations. Plaintiff is the 'master of [her] claim[s],' and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought.") (*citing Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also Arreola v. The Finish Line*, No. 14- CV-03339-LHK, 2014 U.S. Dist. LEXIS 170464, *12 (N.D. Cal. Dec. 9, 2014) ("District courts in the Ninth Circuit have permitted a defendant removing an action under CAFA to make assumptions when calculating the amount in controversy—such as assuming a 100 percent violation rate, or assuming that each member of the class will have experienced some type of violation— when those assumptions are reasonable in light of the allegations in the complaint."); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp.

2d 1141, 1149 (C.D. Cal. 2010) ("[C]ourts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation.")

36. Assuming, conservatively one noncompliant rest break per workweek per putative class member (i.e., 20% violation rate) or 116,479 workweeks and with an average hourly rate for the putative class member of $15.20, the amount in controversy for Plaintiffs' meal period claim is **$1,770,465.60** (116,478 workweeks x 1 rest period violation per workweek x $15.20). Lochman Decl. ¶ 5.

### Alleged Waiting Time Penalties

37. Under the sixth cause of action, the putative class seeks waiting time penalties under California Labor Code § 203. According to § 203, an employee who is not timely paid all wages due upon termination may recover a penalty equal to the employee's daily rate of pay for each day the wages are improperly withheld, for up to 30 days.

38. Courts in this district have found that a 100% violation rate for waiting time penalties can be a reasonable assumption. *See, e.g.*, *Thompson v. La Petite Acad., Inc.*, No. 2:22-CV-04348-AB (JPRx), 2022 U.S. Dist. LEXIS 183694, at *9 (C.D. Cal. Oct. 6, 2022) (finding defendant's assumption for maximum waiting time penalties as reasonable because plaintiff alleged an intentional policy or practice for failing to comply with California wage and hour law.); *Marquez v. Southwire Co., LLC*, No. 21-cv-252-JGB (SPx), 2021 U.S. Dist. LEXIS 97011, 2021 WL 2042727, at *6 (C.D. Cal. May 21, 2021) ("If Defendant had a 'pattern and practice' of refusing to grant meal and rest breaks or pay class members for all hours worked, then it is likely that all or nearly all class members experienced wage statement and delay violations."); *Ramos v. Schenker, Inc.*, No. 18-cv-01551-JLS (KKx), 2018 U.S. Dist. LEXIS 187557, 2018 WL 5779978, at *2 (C.D. Cal. Nov. 1, 2018) ("[A]llegations of unpaid wages are implicit allegations of maximum damages for waiting time penalties.") Where Courts were reluctant to use a 100% violation rate other reasonably supported violation rates have been applied.

11

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT

*Ramirez v. HV Global Management Corp.*, 2022 WL 1210402 at *6 (N.D. Cal. Apr. 25, 2022) (noting rates ranging from 20% to 60% may be appropriate); *Alvarez v. Off. Depot, Inc.*, 2017 WL 5952181, at *3 (C.D. Cal. Nov. 30, 2017) (60% violation rate); *Evers v. La-Z-Boy Inc.* (S.D. Cal., July 27, 2022, 21cv2100-LL-BLM)(25% violation rate).

39. Based on a review of Defendants' payroll records, approximately 2,123 non-exempt employees within California terminated their employment with Defendant Crunch between May 17, 2020 to approximately June 21, 2023, and those employees earned an average hourly rate of $15.05. Lochman Decl. ¶ 6.

40. Given the number of employees whose employment was terminated within the applicable three-year statute of limitation (May 17, 2020 through June 21, 2023), and conservatively assuming a 25% violation rate, the potential exposure for waiting time penalties is at least **$1,917,069.00.** ((2,123 employees *$15.05 hour * 8 day * 30 days) * .25.

### Attorneys' Fees

41. In determining whether a complaint meets the amount in controversy threshold for a removal under 28 U.S.C. § 1332, a court may also consider the value of claims for attorneys' fees. *See Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorney's fees may be taken into account to determine jurisdictional amount); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (holding the amount in controversy may include attorney's fees recoverable by statute). Attorneys' fee awards in California wage-hour class actions can easily total several hundred thousands of dollars or more. *See, e.g., McGuigan v. City of San Diego,* 183 Cal. App. 4th 610, 638 (2010) (noting attorneys' fees paid in settlement of $1.6 million); *Vasquez v. California,* 45 Cal. 4th 243, 249 (2008) (noting award of $435,000 in attorneys' fees for class claims involving failure to pay wages, liquidated damages, penalties and waiting time penalties).

42. Moreover, Courts in this circuit have held that, for purposes of calculating the amount in controversy in a wage-and-hour class action, removing

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT

defendants can reasonably assume that plaintiffs are entitled to attorney fees valued at approximately twenty-five percent of the projected damages. *See Herrera v. Carmax Auto Superstores Cal., LLC,* No. EDCV-14-776-MWF (VBKx), 2014 U.S. Dist. LEXIS 188729, at *12 (C.D. Cal. June 12, 2014) ("Substantial authority supports a 'benchmark' 25 percent attorneys' fees figure to be added to any claim for which attorneys' fees are available."); *Hamilton v. Wal-Mart Stores, Inc.,* No. ED CV 17-01415-AB (KKx), 2017 U.S. Dist. LEXIS 162856, at *16 (C.D. Cal. Sep. 29, 2017) ("The Ninth Circuit has allowed an estimate fee award of 25% of a plaintiff's damages in calculating the amount in controversy under CAFA."); *Gutierrez v. Stericycle, Inc.,* No. LA CV15-08187 JAK (JEMx), 2017 U.S. Dist. LEXIS 20975, at *51 (C.D. Cal. Feb. 14, 2017) ("it is appropriate to include in the calculation of the amount in controversy a potential fee award of 25% of the value of certain of the substantive claims.").

43. Given that Defendants can reasonably project the amount in controversy on just three of Plaintiffs' fifteen causes of action to be at least **$5,458,000**; Defendants can reasonably assume that Plaintiffs' attorneys will be entitled to attorneys' fees valued at **$1,364,500.**

44. Thus, for the reasons discussed above, and without conceding or admitting to the underlying merits of Plaintiff's claims, the amount in controversy on three of the fifteen claims in Plaintiff's Complaint alone exceeds **$6,822,500** and surpasses the jurisdictional threshold required under CAFA.

///
///
///
///
///
///
///
///

13

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT

| CLAIM | AMOUNT IN CONTROVERSY |
|---|---|
| Labor Code Section 226.7<br><br>(Alleged Meal Period Violations) | $1,770,465.60 |
| Labor Code Section 226.7<br><br>(Alleged Rest Period Violations) | $1,770,465.60 |
| Labor Code Section 203<br><br>(Alleged Waiting Time Penalties) | $1,917,069.00 |
| SUBTOTAL | $5,458,000.20 |
| Attorneys' Fees @ 25% | $1,364,500.05 |
| TOTAL | $6,822,500.25 |

## **VENUE**

45. Venue of this action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1391(a) and 1441, *et seq.* and because Plaintiffs' state court action was filed in this district. *See also* Civil Local Rule 3-2(d).

///
///
///
///
///
///
///
///
///

14

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT

## **CONCLUSION**

46.     For the reasons set forth above, Defendant prays that this action be removed to this Court.

Respectfully submitted,

Dated: June 30, 2023          JACKSON LEWIS PC

By:  /s/ Kevin Ha
     Mia Farber
     Shannon B. Nakabayashi
     Kevin Ha
     Attorneys for Defendants
     CRUNCH, LLC, CASEY CALLANGAN, and JONATHAN MOSOFF

4861-8256-4972

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT